Victoria L. Nelson, Chapter 7 Trustee
Email: trustee@nelsonhoumand.com
3900 Paradise Road; Suite U
Las Vegas, Nevada 89169-0903
Telephone:    702/720-3374
Facsimile:     702/720-3371

*Electronically Filed On: February 9, 2017*

*Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

JEFFREY L AYERS and NANCY AYERS,

         Debtors.

Case No. BK-S-16-12312-ABL
Chapter 7

**APPLICATION TO (1) EMPLOY BKASSETS.COM, LLC AS AUCTIONEER TO SELL REAL PROPERTY, PAY COMMISSION, REIMBURSE EXPENSES AND (2) APPROVE THE SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CHARGES, INTEREST AND ENCUMBRACES PURSUANT TO 11 U.S.C. § 363**

Date of Hearing:       March 16, 2017
Time of Hearing:      11:00 a.m.
Place: Courtroom No. 1, Third Floor
                    Foley Federal Building
                    300 Las Vegas Blvd., S.
                    Las Vegas, NV 89101

Judge: Honorable August B. Landis[1]

     VICTORIA L. NELSON, the duly appointed Chapter 7 Trustee in the above-captioned

bankruptcy case (the "Trustee"), hereby submits this *Application to (1) Employ BKAssets.com, LLC*

*As Auctioneer to Sell Real Property, Pay Commission, Reimburse Expenses and (2) Approve the*

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.  The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP."  The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

*Sale of Real Property Free and Clear of Liens, Charges, Interest and Encumbrances Pursuant to U.S.C. §363* (the "<u>Application</u>").

The Application is made pursuant to 11 U.S.C. §§ 105, 327, 328, 363 and Rules 2002(a)(2) and 6004(a) and (c) of the Federal Rules of Bankruptcy Procedure.  The Application is based on the following Memorandum of Points and Authorities, the *Declaration of Victoria L. Nelson in Support of the Application to (1) Employ BKAssets.com, LLC As Auctioneer to Sell Real Property, Pay Commission, Reimburse Expenses and (2) Approve the Sale of Real Property Free and Clear of Liens, Charges, Interest and Encumbrances Pursuant to U.S.C. §363* (the "<u>Nelson Declaration</u>"), and the *Declaration of David A. Birdsell In Support of Application to (1) Employ BKAssets.com, LLC As Auctioneer to Sell Real Property, Pay Commission, Reimburse Expenses and (2) Approve the Sale of Real Property Free and Clear of Liens, Charges, Interest and Encumbrances Pursuant to U.S.C. §363* (the "<u>Birdsell Declaration</u>"), both of which are filed separately and concurrently with this Court pursuant to Local Rule 9014(c)(2).

The Application is also based on the pleadings and papers on file herein, and any argument that may be entertained at any hearing on the Application.  Pursuant to Local Rule 6004(b)(3), a true and correct copy of the proposed order granting the Application is attached hereto as **Exhibit "1"**.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.      <u>JURISDICTION AND VENUE</u>**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(1) and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates are Section 105, 327, 328, 363, and FRBP 2002(a)(2) and 6004(a) and (c).

. . .

. . .

. . .

. . .

. . .

## II.    FACTUAL BACKGROUND

1.    On April 28, 2016 (the "Petition Date"), JEFFREY L AYERS and NANCY AYERS (collectively, the "Debtors") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code [ECF No. 1][2].  *See* Nelson Declaration.

2.    On April 28, 2016, the Trustee was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case.  *See* Nelson Declaration.

3.    The Debtors' bankruptcy Schedules identify non-exempt assets that can be administered for the benefit of creditors.  Specifically, the Debtors are the owners of vacant real property located at 24032 Dietz Drive, Bonita Springs, Florida 34135-0000 (the "Property").  *See* Schedules A/B, page 3 [ECF No. 20]; s*ee also* Nelson Declaration.

4.    The Debtors has scheduled the fair market value of the Property as $85,000.  *See* Schedules A/B, page 3 [ECF No. 20]; *see also* Nelson Declaration.

5.    On June 16, 2016, the Debtors filed their Schedule C, which claimed an exemption in the Property in the amount of $14,121.35 pursuant to Section 522(d)(5).[3]  *See* Schedules C, page 9 [ECF No. 20]; s*ee also* Nelson Declaration.

6.    On July 14, 2016, the Debtors filed an Amended Schedule C that increased the exemption claimed by the Debtors in the Property from $14,121.35 to $17,896.35.  *See* Schedules C, page 2 [ECF No. 33]; s*ee also* Nelson Declaration.

7.    In order to generate sufficient funds to allow for a distribution to creditors, the Trustee desires to employ BKAssets.com, LLC ("BK Assets") to sell the Property.  *See* Nelson Declaration.

8.    After reviewing the description of the Property, BK Assets has informed the Trustee that they believe that the liquidation of the Property is in the best interests of creditors because it will generate a sufficient return for the Debtor's creditors.  *See* Birdsell Declaration.

---

[2] All references to "ECF No." are to the numbers assigned to the documents filed in the above-captioned bankruptcy case as they appear on the docket maintained by the clerk of the court.

[3] The Debtors are required to claim the exemptions available under Section 522 because they were not domiciled in Nevada for the requisite period of time set forth in Section 522(b)(3)(A).

9.    It is the belief of the Trustee that the best and highest net recovery to the estate will arise by selling the Property at an auction through the employment and services of a licensed auctioneer.  *See* Nelson Declaration.

10.    The Trustee desires to employ BK Assets, a licensed auctioneer, to conduct the sale of the Property in exchange for a commission equal to ten percent (10%) of the gross receipts of the sale.  *See* Nelson Declaration.

11.    BK Assets will also be entitled to reimbursement of expenses not to exceed $250 for costs in obtaining certified copies of the original deed, limited title reports, and any other recorded documents.  *See* Nelson Declaration.

12.    Due to the fact that the Debtors have claimed an exemption in the Property in the amount of $17,896.35, BK Assets will not sell the Property unless the gross sale proceeds are in excess of $25,000.  This will ensure that sufficient funds are generated to ensure that the Debtors will receive their claimed exemption in the Property and there will be a meaningful distribution to the Debtor's creditors.  *See* Birdsell Declaration; *see also* Nelson Declaration.

13.    The Trustee will file a Report of Sale with the Court following the auction. No further confirmation of the sale will be sought.  *See* Nelson Declaration.

14.    Based on information and belief, there are no liens against the Property.  If any lien is perfected against the Property, however, the lien will be satisfied from the proceeds from the sale. *See* Nelson Declaration.

### III.    LEGAL ANALYSIS

**A.    BK Assets Is Qualified To Serve As Auctioneer On Behalf of the Debtor's Bankruptcy Estate**

Section 327 authorizes a Chapter 7 Trustee to employ professionals to assist with the administration of a bankruptcy case:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

*See* 11 U.S.C. § 327(a).

BK Assets is well suited for the type of representation required by the Trustee.  BK Assets is a licensed auctioneer company that has specialized knowledge regarding liquidations and bankruptcy matters.  Accordingly, the Trustee has determined that BK Assets has the resources and experience necessary to represent her interests in the Debtor's bankruptcy case.  *See* Nelson Declaration; *see also* Birdsell Declaration.  The Trustee desires to employ BK Assets as her auctioneer to sell the Property on behalf of the Debtor's bankruptcy estate.

Following the Trustee's request that BK Assets represent her in this case as auctioneer, a conflicts check was undertaken, utilizing BK Assets client list.  Based upon the conflicts check the Firm and its associates are "disinterested persons" as defined by 11 U.S.C. § 101 and do not hold or represent any interest adverse to the bankruptcy estate.  *See* Birdsell Declaration.  The conclusion that the Firm is a "disinterested" person within the meaning of 11 U.S.C. § 101(14) for purposes of 11 U.S.C. § 327(a) is based upon the fact neither the Firm nor any of its accountants:

(a)    Are or were a creditor, equity security holder, or insider of the Debtor except as stated herein;

(b)    Are or were, within two (2) years before the date of the filing the bankruptcy petition, a director, officer or employee of Debtor as specified in subparagraph (c) of Section 101(14) except as stated herein;

(c)    Hold, or have ever held, an interest materially adverse to the interest of the estate or of any class of creditors, equity holders, or parties in interest, by reason of any direct or indirect relationship to, or interest in, the Debtor or for any other reason except as stated herein;

(d)    Represent, or have ever represented, the Debtor, insiders of the Debtor, creditors of the Debtor, any other party in interest, or their respective attorneys and accountants except as set forth herein; and

(e)    Is a relative or employee of the U.S. Trustee or a Bankruptcy Judge except as stated herein.

Except as stated herein, the Firm has no connections with the Debtor, creditors of the Debtor, any party-in-interest, their respective attorneys and accountants, the United States Trustee,

or any person employed in the office of the United States Trustee. *See* Birdsell Declaration. The Trustee has employed BK Assets in other bankruptcy cases unrelated to the above-captioned bankruptcy case in which she is a Trustee. *See* Birdsell Declaration. BK Assets has been employed by other Chapter 7 Panel Trustees as auctioneer in other bankruptcy cases unrelated to the above-referenced bankruptcy case. *See* Birdsell Declaration. BK Assets represents no interest that is adverse to the Trustee, to the Debtor's estate, any creditor, any party in interest, the U.S. Trustee, or any attorney or accountant employed by the foregoing, in matters upon which it will be engaged as accountant. *See* Birdsell Declaration. The Trustee submits that BK Assets is a disinterested person within the meaning of Section 101(14) for purposes of Section 327(a), as it pertains to representing the Trustee as auctioneer in the Debtor's bankruptcy case.

**B.    The Sale of the Property Should Be Approved As It Is In the Best Interests of Creditors**

The Bankruptcy Code provides the authority for the Trustee to sell the Property free and clear of all liens, claims, encumbrances and interests. *See generally* 11 U.S.C. § 363. 11 U.S.C. § 363(b)(1) provides that a Trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate. This provision generally allows a trustee (subject to Court approval) to sell property of the estate outside the ordinary course of business where the proposed sale is a sound exercise of the trustee's business judgment and the sale is proposed in good faith and for fair value. *Committee of Equity Security Holders v. Lionel Corporation (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Ernst Home Center, Inc.*, 209 B.R. 974, 980 (Bankr. W.D. Wash. 1997). When a trustee articulates a reasonable basis for its business decisions, "courts will generally not entertain objections to the [trustee's] conduct." *Comm. Of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1987). The Trustee's application of her sound business judgment in the use, sale or lease of property is subject to great judicial deference. *See,* e.g., *In re Moore*, 110 B.R. 924 (Bankr. C.D. Cal 1990); *In re Canyon P'ship*, 55 B.R. 520 (Bankr. SD Cal 1985).

In determining whether any sale of assets outside the ordinary course of business should be approved, bankruptcy courts generally consider the following factors: (1) whether a sufficient business reason exists for the sale; (2) whether the proposed sale is in the best interest of the estate,

-6-

such that the proposed sale terms should have been properly negotiated and proposed in good faith and the purchaser should have been involved in an "arms-length" transaction with the seller; and (3) whether notice of the sale was sufficient. *See In re Walter*, 83 B.R. 14, 19-20 (B.A.P. 9th Cir. 1988) (stating that there must be some articulated business justification for using, selling or leasing the property outside the ordinary course of business) citing *In re Lionel Corp.,* 722 F.2d 1063 (2d Cir. 1983) (Stating that the bankruptcy court should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interest of the debtor, creditors and equity holders alike).

11 U.S.C.§ 363(f) further states that the trustee may sell property under subsection (b) of this section free and clear of any interest in such property or an entity other than the estate, only if (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

In the instant case, sufficient business reasons exist for the sale of the Property via an auction. The sale of the Property will bring in cash to the bankruptcy estate and allow for a distribution to creditors. Based on information and belief, there are no liens against the Property. However, if any lien is perfected against the Property, it will be satisfied with the proceeds from the sale. An auction of the Property is the best means of generating the highest proceeds for the benefit of creditors given the relatively small fair market value of the Property. Moreover, a Report of Sale will be filed with the Court following the auction. Finally, the Property will not be sold unless the gross sale proceeds exceed $25,000. This will ensure that there are sufficient funds generated from the sale to satisfy the Debtors' exemption in the Property and provide a meaningful distribution to creditors. Accordingly, the sale of the Property at auction satisfies the standards under Section 363 of the Bankruptcy Code and should be approved.

In addition to the other sale-related relief sought herein, the Trustee requests that the Court specifically find inapplicable any stays that might otherwise inhibit the Trustee's ability to close

the proposed transaction for the sale of the Property immediately after the Court enters an order approving the transaction, including, without limitation, those arising under FRBP 6004.

The Motion and supporting declarations have been served on (a) the Office of the United States Trustee, (b) the Debtors and their counsel, and (c) all parties requesting special notice. Notice of the Motion has also been served on all creditors and parties in interest. The Trustee submits that no other or further notice is required.

### IV.    CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an Order: (i) authorizing the Trustee to employ BK Assets to sell the Property on the terms set forth herein; (ii) to pay commission and reimbursement of costs to the auctioneer; (iii) to sell the Property free and clear of all interest, charges, liens or encumbrances; and (iv) for such other and further relief as the Court deems necessary and appropriate.

Dated this 9th day of February, 2017.

**CHAPTER 7 TRUSTEE**

*/s/ Victoria L. Nelson*
Victoria L. Nelson, Chapter 7 Trustee
Email:  trustee@nelsonhoumand.com
3900 Paradise Road, Suite U
Las Vegas, Nevada 89169-0903
Telephone:   702/720-3374
Facsimile:     702/720-3371

-8-